UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DIMAS GARZA,

    Plaintiff,

Case No. 2:17-cv-104

v.

HON. GORDON J. QUIST

ROBERT NAPLES, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

    Plaintiff Dimas Garza filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Robert Naples, James Alexander, Sarah Schroder, Unknown Nemisto, Unknown Tasson, Darren Vitalia, Unknown Cesarek, and Unknown Lee. Plaintiff has filed a request for a temporary restraining order and preliminary injunction, alleging that the Defendants have refused his requests for protection from another prisoner, and that he was seriously injured as a result of the named defendants failure to protect him.

    I have reviewed Plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish that Plaintiff will suffer irreparable harm if the requested relief is not granted. Therefore, I recommend that Plaintiff's request for a temporary restraining order and preliminary injunction be denied.

    The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

2. Whether the movant has shown irreparable injury.

3. Whether the preliminary injunction could harm third parties.

4. Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). *See also Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ardister v. Mansour*, 627 F.Supp. 641, 643 (W.D. Mich. 1986).

Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

In his complaint, Plaintiff alleges that the defendants have failed to provide him protection from another prisoner while he was confined at the Marquette Branch Prison (MBP), despite the fact that Plaintiff informed them of the threats to his life. Because of this failure, Plaintiff was attacked and was seriously injured. In his motion, Plaintiff claims that if he is transferred back to MBP, he believes he will be placed in the same unit with his enemies. Plaintiff states that if this happens, he will again be assaulted and may not survive. Plaintiff seeks an order preventing him from being returned to MBP.

Plaintiff is currently confined to the Baraga Maximum Correctional Facility (AMF). Plaintiff's assertion that he needs an order preventing him from being transferred to MBP is merely speculative. Plaintiff fails to allege facts showing that he is likely to be returned to MBP, or that he would be placed in the same unit as his assailant if such a transfer occurs. Therefore, Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motion for a temporary restraining order and preliminary injunction be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: December 6, 2017                         */s/ Timothy P. Greeley*
                                                TIMOTHY P. GREELEY
                                                UNITED STATES MAGISTRATE JUDGE