UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DIMAS GARZA #270734,

    Plaintiff,

v.                                      Case No. 2:17-CV-104

ROBERT NAPLES, et al.,          HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Dimas Garza, a state prisoner at a Michigan Department of Corrections (MDOC) facility, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, claiming violations of his First, Fourth, Fifth, Eighth, Ninth and Fourteenth Amendment rights. In general, Plaintiff alleges that the eight Defendants—Warden Naples,[1] Assistant Deputy Wardens Alexander and Schroeder, Inspectors Niemisto and Tasson, Resident Unit Manager (RUM) Viitala, Asst. Resident Unit Supervisor (ARUS) Cesarek, and Security Threat Group (STG) Sergeant Lee—failed to protect him from assaults by two other inmates while Plaintiff was housed at the Marquette Branch Prison (MBP) in October 2016. Defendants and Plaintiff both moved for summary judgment. (ECF Nos. 68, 77.) On September 11, 2019, Magistrate Judge Maarten Vermaat submitted a Report and Recommendation (R & R) recommending that this Court (1) deny Plaintiff's summary judgment and (2) grant in part and deny in part Defendants' summary judgment motion. In particular, the magistrate judge recommends dismissing all of Plaintiff's claims except his Eighth

---

[1] The proper spelling is Napel.

Amendment failure to protect claim based on the October 6, 2016, assault by Prisoner Gonzalez, Jr. (ECF No. 86.)

Defendants objected to the R & R, contesting the magistrate judge's conclusion that there exists a genuine issue of material fact that Defendants had notice of the threat to Plaintiff's safety posed by Prisoner Gonzalez, Jr. (ECF No. 88.) Plaintiff also objected to the R & R, arguing that his retaliation, abuse of power, and failure to protect claims regarding both assaults should survive summary judgment. (ECF No. 89.)

Upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R & R, the Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted as the Opinion of the Court.

### **Defendants' Objections**

Defendants claim that Plaintiff has not provided sufficient evidence that Defendants had notice of the specific threat to Plaintiff's safety such that the case should continue to a jury. In particular, Defendants argue that (1) the kites that Garza claims he sent to Defendants are inadmissible hearsay, and there is no evidence that Defendants received them; (2) the Court should reject the "affidavits" from Prisoner Kempf and Stella Garza because they are not notarized, and Prisoner Kempf's affidavit contradicts other record evidence; (3) Debbie Garza's affidavit cannot show notice to Defendants because it is devoid of specifics; and (4) the Court should at least dismiss Defendants Naples, Schroeder, and Tasson.

First, the kites are not inadmissible hearsay. The hearsay rule prohibits statements that are offered "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2), 802. The kites request protection from the victim's son from Plaintiff's criminal case and ask whether anyone is investigating. The kites are not offered to prove that Plaintiff needed protection from Prisoner Gonzalez, Jr., but rather to prove that Defendants had notice of Plaintiff's request for protection, thus the kites are not hearsay. Defendants also argue that there is no evidence that Defendants actually received the kites that Plaintiff sent and that it is highly unlikely that Plaintiff sent identical versions of the kites to each of the Defendants included under "c/c" at the bottom of the kites, but those arguments go to the weight of the evidence and require a credibility determination. Accordingly, the arguments are inappropriate for resolution on a summary judgment motion.

Next, Defendants ask the Court to reject the statements from Prisoner Kempf and Stella Garza because they are not notarized. However, as Defendants recognized in their objections, affiants can verify their statements by declaring under the penalty of perjury that the statements are true. 28 U.S.C. § 1746(2). Prisoner Kempf and Stella Garza both fulfilled that requirement. Defendants also argue that statements by Prisoner Kempf contradict evidence submitted by Defendants. That contradiction is precisely the type of factual dispute that survives a summary judgment motion.

The remaining objections request that the Court reject evidence because of inconsistencies, vagueness, or based on the fact that the evidence came from Plaintiff himself. However, Plaintiff testified to his factual allegations under the penalty of perjury, and while inconsistencies or vague testimony may undermine the weight of evidence at trial, those are not reasons to grant summary judgment. Therefore, the Court will overrule Defendants' objections.

**Plaintiff's Objections**

Plaintiff argues that Defendants had notice of a threat to his safety from Prisoner Korte that resulted in the October 28, 2016, assault, and that Defendants failed to protect him out of retaliatory animus. However, Plaintiff himself states that when he was released to the general population on October 27, 2016, he did not believe Prisoner Korte posed a threat because he believed Prisoner Korte was still in segregation for smuggling, and so Plaintiff did not alert any Defendant of his fear of Prisoner Korte. Accordingly, Defendants did not have notice of the threat to Plaintiff's safety from Prisoner Korte, and the mere fact that Prisoner Korte's mother had been arrested was not enough to alert Defendants to an issue between Plaintiff and Prisoner Korte.

Furthermore, the Court agrees with the magistrate judge that Plaintiff has not established the causal connection between his protected activity and Defendants' alleged failure to protect to sustain a retaliation claim. Plaintiff generally alleges that "defendants . . . told me . . . stop writing us and having your family coming up here." (ECF No. 9 at PageID.164.) However, he does not name any particular Defendant. Moreover, Plaintiff cannot show causation because, if Plaintiff is to be believed, Defendants failed to protect him both before and after he sent kites and had family members call, so the protected activity could not be a motivating factor in the failure to protect.

Plaintiff also briefly argues that his state law claim for abuse of power should survive summary judgment because Defendants "abuse[d] their power and authority to intentionally place Plaintiff Garza in the same housing units [as Prisoners Gonzalez, Jr., and Korte] with knowledge [that] attacks [] would take place." (ECF No. 89 at PageID.859.) This argument is not well developed, and there is no evidence that Defendants were responsible for placing Plaintiff in his housing unit. Plaintiff's allegations merely state that Defendants refused to move Plaintiff from the housing unit as Plaintiff requested.

**Conclusion**

For the aforementioned reasons, the September 11, 2019, Report and Recommendation (ECF No. 86) is hereby **ADOPTED** as the Opinion of this Court. Defendants' Objections (ECF No. 88) and Plaintiff's Objections (ECF No. 89) are **OVERRULED**. Plaintiff's motion for summary judgment (ECF No. 77) is **DENIED**. Defendants' motion for summary judgment (ECF No. 68) is **DENIED IN PART** with respect to Plaintiff's Eighth Amendment claim regarding the October 6, 2016, assault by Prisoner Gonzalez, Jr. and **GRANTED IN PART** with respect to all remaining claims. Thus, Plaintiff's Eighth Amendment claim regarding the October 28, 2016, assault by Prisoner Korte; First Amendment retaliation claim; Fourth, Fifth, and Ninth Amendment claims; and state law claims for abuse of process, libel and slander, assault and battery, and ethnic intimidation are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: October 1, 2019                                /s/ Gordon J. Quist
                                                     GORDON J. QUIST
                                                     UNITED STATES DISTRICT JUDGE